UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MAZZEI,<br><br>          Plaintiff,<br><br>     v.<br><br>MBA, *et al.*,<br><br>          Defendants. | Case No. 1:24-cv-00398-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY *RES JUDICATA*<br><br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Paul Mazzei is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on April 4, 2024. (ECF No. 1). Plaintiff alleges that defendants, a physician's assistant Sisodia and a registered nurse Mba, were deliberately indifferent to his serious medical needs, resulting in a lung collapse and impaired cardiopulmonary function. (ECF No. 1 at 3, 12).

In the complaint, Plaintiff states that he brought a case in state court based on the same allegations and against the same defendants (ECF No. 1 at 12–13), that he lost at summary judgement (*id.* at 14, 18–21), and then appealed, unsuccessfully (*id.* at 13, 24–26). In fact, Plaintiff discusses his state lawsuit in great detail, asking the Court to find that the state court judge's decision to deny him appointment of a medical expert was "clearly erroneous." (*Id.* at 22, 24). Plaintiff also attaches the subsequent decisions of the California Court of Appeals and

1  the Supreme Court of California, dismissing his appeal as untimely and denying petition for
2  review, respectively. (*Id.* at 33, 34).

3  Thus, it appears from the face of Plaintiff's complaint that Plaintiff has already received
4  a court decision on the claim presented in his case and thus his case is barred by the doctrine of
5  *res judicata*.

6  Accordingly, the Court will order Plaintiff to show cause why this case should not be
7  dismissed as barred by *res judicata*. Alternatively, if Plaintiff believes that this case is barred
8  by *res judicata*, Plaintiff may file a notice of voluntarily dismissal pursuant to Federal Rule of
9  Civil Procedure 41(a)(1).

10  Plaintiff must file a response within thirty days. If Plaintiff fails to file a response, this
11  Court will recommend to an assigned district judge that this case be dismissed.

12  **I.      APPLICABLE LAW**

13  Federal courts "give the same preclusive effect to state court judgments that those
14  judgments would be given in the courts of the State from which the judgments emerged."
15  *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *see also* 28 U.S.C. § 1738. Thus,
16  this Court will apply California law to determine the preclusive effect of the state court
17  judgment against Plaintiff. *Moldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *see also*
18  *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

19  Under California law, *res judicata* forecloses relitigation if "(1) A claim or issue raised
20  in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior
21  proceeding resulted in a final judgment on the merits; and (3) the party against whom the
22  doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Pitzen*
23  *v. Superior Court*, 120 Cal. App. 4th 1374, 1381 (2004) (citation omitted); *see also Victa v.*
24  *Merle Norman Cosmetics, Inc.*, 24 Cal. Rptr. 2d 117, 120 (Ct. App. 1993) (*res judicata*
25  "foreclose[s] relitigation of a cause of action or issue that was determined in a prior case,
26  involving the same party or one in privity to it, and which ended in a final judgment on the
27  merits"); *McKinney v. Cty. of Santa Clara*, 168 Cal. Rptr. 89, 92 (Ct. App. 1980) (*res judicata*

"precludes parties and their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.").

## II.     ANALYSIS

Here, Plaintiff alleges that he brought a case in state court based on the same allegations, raising the same claim, and against the same defendants. (ECF No. 1 at 12–13). As to the first element, both in this suit and in the state lawsuit, Plaintiff alleged an Eighth Amendment claim for deliberate indifference. (*Id.* at 3, 12).[1] Thus, the claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding.  As to the second element, Plaintiff lost at summary judgement. (*Id.* at 14, 18–21). He then appealed, unsuccessfully. (*Id.* at 13, 24–26). Therefore, the second element of *res judicata*—final decision on the merits—is satisfied. The third element is also satisfied, because both Sisodia and Mba were defendants in the state lawsuit. (*Id.* at 12).  Thus, the party against whom the doctrine is being asserted was a party to the prior proceeding.  As all three elements appear to be satisfied, it appears that this case is barred by the doctrine of *res judicata*.

## III.    CONCLUSION AND ORDER

It appears from the face of the complaint that the claims in this case are barred by *res judicata* because Plaintiff previously brought a case based on identical allegations against the same defendants, litigated his case, and lost.

Accordingly, **IT IS ORDERED** that Plaintiff has thirty days from the date of this order to show cause why this case should not be dismissed as barred by *res judicata*. Alternatively, if Plaintiff believes that this case is barred by *res judicata*, Plaintiff may file a notice of voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

\\\

---

[1] The Court notes that Plaintiff also argued the Eighth Amendment claim in the Appellant's Brief during his appeal to the California Court of Appeals. *Mazzei v. CDCR, Mba, and Sisodia, et al.*, 2023 WL 8167197, at *2, *18 (No. F086410, Cal. App. 5 Dist. Nov. 1, 2023) ("Appellant Paul Mazzei is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant both state and federal statutes prohibiting cruel and unusual punishment dictated by the Eighth Amendment of the U.S. Constitution.")

If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that this case be dismissed.

IT IS SO ORDERED.

Dated: **April 11, 2024**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE