1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| PAUL MAZZEI,<br><br>        Plaintiff,<br><br>        v.<br><br>MBA, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00398-EPG (PC)<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS BARRED BY *RES JUDICATA*<br><br>(ECF NO. 1)<br><br><br>OBJECTIONS, IF ANY,<br>DUE WITHIN THIRTY DAYS |

19      Plaintiff Paul Mazzei is a state prisoner proceeding *pro se* and *in forma pauperis* in this

20   civil rights case filed pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court

21   recommends that this case be dismissed as barred by *res judicata*.

22   **I.      BACKGROUND**

23      Plaintiff filed the complaint commencing this action on April 4, 2024. (ECF No. 1).

24   Plaintiff alleges that defendants, a physician's assistant Sisodia and a registered nurse Mba,

25   were deliberately indifferent to his serious medical needs, resulting in a lung collapse and

26   impaired cardiopulmonary function. (ECF No. 1 at 3, 12).

27      In the complaint, Plaintiff states that he brought a case in state court based on the same

28   allegations and against the same defendants (ECF No. 1 at 12–13), that he lost at summary

1

1   judgment (*id.* at 14, 18–21), and then appealed, unsuccessfully (*id.* at 13, 24–26). In fact,

2   Plaintiff discusses his state lawsuit in great detail, asking the Court to find that the state court

3   judge's decision to deny him appointment of a medical expert was "clearly erroneous." (*Id.* at

4   22, 24). Plaintiff also attaches the subsequent decisions of the California Court of Appeals and

5   the Supreme Court of California, dismissing his appeal as untimely and denying petition for

6   review, respectively. (*Id.* at 33, 34).

7          As it appeared from the face of the complaint that Plaintiff previously brought a case

8   based on identical allegations against the same defendants, litigated his case, and lost, the Court

9   ordered Plaintiff to show cause why this case should not be dismissed as barred by *res judicata*.

10  (ECF No. 6). On April 23, 2024, Plaintiff filed his response. (ECF No. 8).

11  **II.     APPLICABLE LAW**

12         Federal courts "give the same preclusive effect to state court judgments that those

13  judgments would be given in the courts of the State from which the judgments emerged."

14  *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); *see also* 28 U.S.C. § 1738. Thus,

15  this Court will apply California law to determine the preclusive effect of the state court

16  judgment against Plaintiff. *Moldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *see also*

17  *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993).

18         Under California law, *res judicata* forecloses relitigation if "(1) A claim or issue raised

19  in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior

20  proceeding resulted in a final judgment on the merits; and (3) the party against whom the

21  doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Pitzen*

22  *v. Superior Court*, 120 Cal. App. 4th 1374, 1381 (2004) (citation omitted); *see also Victa v.*

23  *Merle Norman Cosmetics, Inc.*, 24 Cal. Rptr. 2d 117, 120 (Ct. App. 1993) (*res judicata*

24  "foreclose[s] relitigation of a cause of action or issue that was determined in a prior case,

25  involving the same party or one in privity to it, and which ended in a final judgment on the

26  merits"); *McKinney v. Cty. of Santa Clara*, 168 Cal. Rptr. 89, 92 (Ct. App. 1980) (*res judicata*

27  "precludes parties and their privies from relitigating a cause of action that has been finally

28  determined by a court of competent jurisdiction.").

1    III.    ANALYSIS

2        Here, Plaintiff alleges that he brought a case in state court based on the same

3    allegations, raising the same claim, and against the same defendants. (ECF No. 1 at 12–13). As

4    to the first element of *res judicata*, both in this suit and in the state lawsuit, Plaintiff alleged an

5    Eighth Amendment claim for deliberate indifference. (*Id.* at 3, 12).[1] Thus, the claim or issue

6    raised in the present action is identical to a claim or issue litigated in a prior proceeding.

7        As to the second element, Plaintiff lost at summary judgment. (*Id.* at 14, 18–21). He

8    then appealed, unsuccessfully. (*Id.* at 13, 24–26). Therefore, the second element of *res*

9    *judicata*—final decision on the merits—is satisfied.

10       The third element is also satisfied, because both Sisodia and Mba were defendants in

11   the state lawsuit. (*Id.* at 12). Thus, the party against whom the doctrine is being asserted was a

12   party to the prior proceeding. As all three elements are satisfied, this case is barred by the

13   doctrine of *res judicata*.

14       In his response to the order to show cause (ECF No. 8), Plaintiff argues that this federal

15   lawsuit "is the only means of constitutional redress" because "neither Superior Court nor

16   Appeal Court nor Supreme Court have given him a full and fair opportunity to litigate his

17   federal claims before a fact-finding jury." (ECF No. 8 at 2). Plaintiff further argues that

18   "Congress intended a federal remedy where state's decisions are facially unconstitutional and

19   inadequate in disallowing full litigation of a constitutional claim, whereby even if state

20   procedural law could be adequate in theory, is inadequate in practice." (*Id.* at 2–3). Plaintiff

21   also argues that "it would be error holding Mazzei's inability to obtain federal habeas corpus

22   relief on his Eighth Amendment claim." (*Id.* at 5).[2] Finally, Plaintiff contends that "genuine

23   issues of material fact" precluded summary judgment in state court. (*Id.* at 5–6).

24   _____

25       [1] The Court notes that Plaintiff also argued the Eighth Amendment claim in the Appellant's
     Brief during his appeal to the California Court of Appeals. *Mazzei v. CDCR, Mba, and Sisodia, et al.*,
26   2023 WL 8167197, at *2, *18 (No. F086410, Cal. App. 5 Dist. Nov. 1, 2023) ("Appellant Paul Mazzei
     is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant both state
27   and federal statutes prohibiting cruel and unusual punishment dictated by the Eighth Amendment of the
     U.S. Constitution.").
28       [2] Plaintiff does not seek "federal habeas corpus relief" in this lawsuit.

1    Significantly, Plaintiff does not dispute that he litigated the same claims against the

2 same defendants in state court. Instead, he argues that the state court decision granting

3 summary judgment to defendants "was not appropriate and is clear error" (ECF No. 8 at 6)

4 because genuine issues of material fact existed. Plaintiff does not identify what state process

5 was "inadequate."

6    To the extent Plaintiff attempts to challenge state trial court's decisions to deny his

7 motion for appointment of a neutral expert (ECF No. 1 at 23) and to grant summary judgment

8 for defendants (ECF No. 1 at 20–24), he is precluded from relitigating those issues by the

9 findings made by state trial court and entry of judgment. (ECF No. 1 at 20–21). This Court is

10 not a state appellate court and has no authority to revisit the substantive findings and

11 determinations made by the state trial court in this proceeding. *Love v. Villacana*, 73 F.4th 751,

12 754 (9th Cir. 2023) ("A final judgment is afforded preclusive effect even if erroneous."); *Slater*

13 *v. Blackwood*, 543 P.2d 593, 596 (Cal. 1975) ("The consistent application of the traditional

14 principle that final judgments, even erroneous ones . . . are a bar to further proceedings based

15 on the same cause of action is necessary to the well-ordered functioning of the judicial process.

16 It should not be impaired for the benefit of particular plaintiffs, regardless of the sympathy their

17 plight might arouse in an individual case.").

18 **IV.    CONCLUSION AND ORDER**

19    It is apparent from the face of the complaint that the claims in this case are barred by *res*

20 *judicata* because Plaintiff previously brought a case based on identical allegations against the

21 same defendants, litigated his case, and lost. Plaintiff had a full and fair opportunity to litigate

22 his claims in state court.

23    Accordingly, **IT IS ORDERED** that:

24        1.  The Clerk of Court is directed to assign a district judge to this case.

25    In addition, **IT IS RECOMMENDED** that:

26        1.  This action be dismissed because it is clear from the face of the complaint that

27            this action is barred by the doctrine of *res judicata*; and

28        2.  The Clerk of Court be directed to close this case.

1    These findings and recommendations will be submitted to the United States district

2 judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

3 thirty days after being served with these findings and recommendations, Plaintiff may file

4 written objections with the Court. The document should be captioned "Objections to Magistrate

5 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

6 within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*,

7 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.

8 1991)).

9

10 IT IS SO ORDERED.

11    Dated:    **September 18, 2024**              /s/ *Erica P. Grosjean*

12                                              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28